Filed 8/26/24  P. v. Garrett CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B334401 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A955129) |
| v. | |
| MARCUS LEWIS GARRETT, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Affirmed.

Richard D. Miggins, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Marcus Lewis Garrett appeals from an order denying his second petition for resentencing under Penal Code section 1172.6.[1]  His appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and appellant filed three supplemental briefs.  We review the contentions appellant raises in his supplemental briefing and affirm the order.

**FACTUAL AND PROCEDURAL BACKGROUND**

## I.     Conviction

An information filed on January 7, 1988 charged appellant and codefendant Darrell Tolliver with the June 14, 1987 robbery (§ 211) and murder (§ 187, subd. (a)) of Francisco Arambula.  The information alleged as to both appellant and Tolliver that a principal was armed with a firearm during the offenses (§ 12022, subd. (a)).  The information further alleged, as to appellant only, a robbery-murder special circumstance (§ 190.2, subd. (a)(17)) and a personal use of a firearm (§ 12022.5).

The prosecution tried the case exclusively on a felony murder theory.  (*People v. Garrett* (Nov. 21, 2022, B298495) [nonpub. opn.]  (*Garrett III*), citing *People v. Garrett* (Oct. 20, 1993, B057405) [nonpub. opn.] (*Garrett I*).)  The jury found appellant guilty of both robbery and murder, and found the personal use firearm allegations true on both counts.  (*Id.*)  However, the jury found the robbery-murder special circumstance

---

[1]     Effective June 30, 2022, former section 1170.95 was renumbered to section 1172.6 with no change in text.  (Stats. 2022, ch. 58, § 10.)  All further undesignated statutory references are to the Penal Code.

allegation not true.  (*Id.*)  On October 19, 1989, the trial court sentenced appellant to a total term of 27 years to life.  (*Id.*)

On direct appeal, appellant argued that the trial court erred by failing to instruct the jury on the lesser-included offense of involuntary manslaughter.  (*Garrett III*, *supra*, citing *Garrett I*.)  A different panel of this court rejected his argument and affirmed, holding that under the felony murder rule, any killing perpetrated in the commission of a designated felony is a first degree murder.  (*Ibid.*)

## II.    First Resentencing Petition

In January 2019, appellant filed a petition for resentencing under section 1172.6.  (*Garrett III*, *supra*.)  Appellant asserted that he had been convicted of first or second degree murder under the felony murder rule or natural and probable consequences doctrine and was entitled to resentencing. Appellant requested the appointment of counsel.  (*Ibid.*)

On March 29, 2019, the trial court summarily denied appellant's petition without appointing counsel.  It concluded that appellant was ineligible for relief as a matter of law because he was the actual killer.  (*Garrett III*, *supra*, citing *People v. Garrett* (May 22, 2020, B298495) [nonpub. opn.]  (*Garrett II.*))

Appellant appealed, and a different panel of this court affirmed.  The court reasoned, "defendant was convicted of murder under the felony murder rule, [but] the jury found that defendant personally used a gun in the commission of the murder.  Since the victim died of gunshot wounds, and there was evidence of only one gun being used, the jury necessarily found that defendant was the actual killer.  Therefore, as a matter of law, defendant was not eligible for resentencing under section [1172.6]."  (*Garrett III*, *supra*, citing *Garrett II*, *supra*.)

3

The Supreme Court granted appellant's petition for review. (*Garrett III*, *supra*.)  On September 28, 2022, the Supreme Court transferred the matter back to this Division with directions to vacate *Garrett II* and reconsider the cause in light of *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*).  (*Ibid.*)

In the unpublished opinion resulting from that transfer, *Garrett III*, *supra*, a different panel of this court again affirmed. Though it agreed with appellant that the trial court erred by not appointing counsel for him in light of his facially sufficient petition, it found the error was harmless.  (*Garrett III*, *supra*.)  It found that the "record of defendant's conviction demonstrates that he is ineligible for relief as a matter of law, as he was charged and convicted of first degree felony murder as the actual killer of the victim."  (*Id.*)  *Garrett III* further concluded that the information charged only appellant as the actual killer, and the jury instructions and jury findings "demonstrate that the jury necessarily convicted defendant not as an aider and abettor, but as the actual killer of the victim."  (*Id.*)  Because it was "undisputed that (a) 'there was evidence of only one gun being used,' and (b) 'the victim died of gunshot wounds,'" "by finding defendant personally used a gun during the commission of the murder, the jury necessarily found that he was the actual shooter and killer of the victim."  (*Id.*)

## III.   Current Resentencing Petitions

Appellant filed two substantively identical resentencing petitions on August 31, 2023 and September 7, 2023.  The trial court considered the petitions to be a single request for resentencing, as do we.  Citing *People v. Clayton* (2021) 66 Cal.App.5th 145 (*Clayton*), appellant asserted that the jury's not true finding on the robbery murder special circumstance

4

necessarily meant that he did not act with reckless disregard for human life and therefore was entitled to resentencing. Appellant requested the appointment of counsel, to which he asserted he was entitled under *Lewis*, *supra*, 11 Cal.5th 952.

On September 8, 2023, the trial court considered the matter in chambers. It denied the petition without appointing counsel and issued a written order that summarized the previous section 1172.6 proceedings and stated the following about the current petitions:

"The Petitioner, in his new petition, relies upon *People v. Clayton*[, *supra*,] 66 Cal.App.5th [at p.] 145 as legal precedent. However, that case is irrelevant given the facts of petitioner's case. *Clayton* is a discussion regarding whether or not a not true finding on a felony-murder special circumstance allegation constitutes a prior finding by the jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the underlying felony. [Citation.]

"These theories of liability were not the basis of the denial of the petitioner's previous petition. The petitioner was the actual killer. Therefore, he remains in the same situation, and is not entitled to relief.

"For the reasons set forth above, the defendant's request is denied."

Appellant timely appealed.

## DISCUSSION

Appellant's appointed appellate counsel filed a brief raising no issues and requesting that this court proceed pursuant to *Delgadillo*, *supra*, 14 Cal.5th 216. Appellant was advised of his right to file a supplemental brief (see *Delgadillo*, *supra*, 14 Cal.5th at pp. 231-232), and he subsequently made three filings,

5

on April 24, April 29, and May 3, 2024.  We evaluate the arguments set forth in those supplemental briefs.  (See *id.* at p. 232 ["If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion"].)

Appellant first argues that the trial court "went beyond its duty at the prima facie stage" by making a factual finding that he was the actual killer, or "mischaracterizing" him as such, notwithstanding the jury's not true finding on the robbery murder special circumstance allegation.  We disagree.

The prima facie inquiry under section 1172.6, subdivision (c) is limited.  (*Lewis, supra,* 11 Cal.5th at p. 971.)  The trial court generally must accept the petitioner's factual allegations as true and may not reject them on credibility grounds prior to conducting an evidentiary hearing.  (*Ibid.*)  "'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'"  (*Ibid.*)  Here, the record contained facts refuting appellant's allegation that he was not the actual killer.  The jury found true beyond a reasonable doubt that appellant personally used the sole gun present during the crimes.  The victim died of gunshot wounds inflicted during the crime.  The only logical conclusion from these facts is that appellant was the actual killer, meaning that he personally killed the victim.  (See *People v. Vang* (2022) 82 Cal.App.5th 64, 88 ["the term 'actual killer' was intended to limit liability for felony murder … to the actual perpetrator of the killing, i.e., the person (or persons) who personally committed the homicidal act"]; *People v. Garcia* (2020)

46 Cal.App.5th 123, 152 ["The actual killer is the person who personally kills the victim, whether by shooting, stabbing," or by some other method].)  Indeed, a different panel of this court previously concluded appellant was ineligible for relief as a matter of law for this very reason.  (*Garrett III*, *supra*.)

The jury's not true finding on the special circumstance allegation does not change this conclusion.  It is possible for a person to kill and then rob a victim, or to complete a robbery before killing the victim.  Under such circumstances, the perpetrator would be guilty of both robbery and murder, but not the requisite murder during the commission of the robbery.  (See § 190.2, subd. (a)(17)(A).)  The trial court did not make its own findings or otherwise exceed the scope of its duty at the prima facie stage.  Nor did it commit reversible error by declining to appoint counsel for appellant, who is ineligible for relief as a matter of law.  (See *Lewis*, *supra*, 11 Cal.5th at p. 974.)

Relying on *Clayton*, *supra*, 66 Cal.App.5th 145, and *People v. Harrison* (2021) 73 Cal.App.5th 429 (*Harrison*) appellant next contends his conviction and sentence are now "in violation of all statutory proceedings of SB 1437 [Senate Bill No. 1437, Stats. 2018, ch. 1015]" because of the jury's finding on the special circumstance allegation.  These cases are not on point.

In *Clayton*, defendant Clayton was one of four men who committed a robbery of a jewelry store.  (*Clayton*, *supra*, 66 Cal.App.5th at p. 149.)  Two of the men held one of the victims, Gary Kim, at gunpoint, while Clayton, who was unarmed, dragged the other victim, Jenny Kim, to the back of the store, rifled through her pockets, and demanded she open the cash register.  While Clayton was with Jenny, one of his compatriots fatally shot Gary in the back of the head.  (*Id.* at pp. 149-150.)

7

Clayton was charged with and convicted of two counts of robbery and one count of murder under a felony murder theory.  His jury found true an allegation that a principal was armed with a firearm, but found a robbery-murder special circumstance untrue.  (*Id.* at p. 150.)  Clayton's conviction and sentence of 33 years, four months to life were affirmed on appeal.  He later filed a petition for resentencing under section 1172.6.  The trial court denied the petition at the prima facie stage after "[d]eclaring that the jury's not true finding on the special-circumstance allegation was irrelevant to its determination of whether there was sufficient evidence to support a conviction of first degree murder under a felony-murder theory" and making the factual finding that Clayton "had been a major participant who acted with reckless indifference to human life."  (*Ibid.*)

The appellate court reversed.  It concluded that Clayton's petition stated a prima facie case for relief and that the trial court improperly "engaged in judicial factfinding based on its analysis of evidence . . . to conclude that [Clayton] was a major participant in the robbery who acted with reckless indifference to human life."  (*Clayton*, *supra*, 66 Cal.Ap.5th at p. 154.)  The appellate court stated that by finding the robbery murder special circumstance not true, the jury "had already unanimously found the evidence insufficient to prove beyond a reasonable doubt that [Clayton] was an aider and abettor with actual malice or was a major participant in the robbery who acted with reckless indifference to human life.  Given this finding, there was nothing in the record of conviction to support the superior court's determination at the prima facie stage that appellant was ineligible for relief under [former] section 1170.95 as a matter of law.  The trial court was not entitled to substitute its own

findings of fact for the jury's to support its determination that [Clayton] should still be liable for felony murder despite the amendments to section 189." (*Ibid.*)

Appellant correctly observes that his jury made the same finding as the jury in *Clayton*. The similarities between the cases end there, however. Clayton was not the actual killer. The only ways he could still be convicted of murder under the 2019 amendments to section 189 were if he were an aider and abettor who acted with the intent to kill or a major participant in the underlying felony and acted with reckless indifference to human life. (See § 189, subd. (e).) The jury's not true finding on the robbery murder special circumstance allegation necessarily meant that it rejected those possibilities. The trial court erred by making its own finding to the contrary. Here, the jury also found that appellant was not an aider and abettor or a major participant who acted with reckless indifference. But, crucially, it additionally found that he was the actual killer. Appellant is therefore precluded from relief under section 1172.6 as a matter of law.

*Harrison*, *supra*, 73 Cal.App.5th 429, is also more closely analogous to *Clayton* than to the instant case. In *Harrison*, the factfinder at Harrison's trial specifically found that the prosecution failed to prove that Harrison was the actual killer of the victim, that Harrison aided and abetted the actual killer with the intent to kill, or was a major participant in the crime who acted with reckless indifference to human life. (*Id.* at p. 435.) Yet during its prima facie review of Harrison's petition for resentencing under section 1172.6, the trial court "found it could reexamine the question of whether Harrison was a major participant and acted with reckless indifference in the robbery of

9

[the victim], despite the first trial court's acquittal of Harrison on the special circumstance under section 190.2, subdivision (a)(17) on such a theory." (*Id.* at p. 436.) The appellate court concluded this was error, because the trial court "necessarily had to weigh the evidence from Harrison's trial." (*Id.* at p. 438.) Here, in contrast, the trial court did not reweigh evidence or revisit the jury's factual findings; it relied on the jury's findings that appellant was the actual killer.

Appellant additionally argues that substantial evidence in the record demonstrates he was not the actual killer. Specifically, he contends that witness Maria Montalvo testified that the man who fired the shots jumped into the victim's truck, but appellant's fingerprints were not found on either the outside or inside of the truck, while his codefendant's were. "The mere filing of a section [1172.6] petition does not afford the petitioner a new opportunity to raise claims of trial error or attack the sufficiency of the evidence supporting the jury's findings." (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.) "[A] relevant jury finding is generally preclusive in section 1172.6 proceedings, i.e., it 'ordinarily establish[es] a defendant's ineligibility for resentencing under Senate Bill 1437 and thus preclude[s] the defendant from making a prima facia case for relief.'" (*People v. Curiel* (2023) 15 Cal.5th 433, 453-454, quoting *People v. Strong* (2022) 13 Cal.5th 698, 710.) Appellant has not identified any significant changes in the law justifying a departure from this general rule. (See *People v. Curiel, supra*, at pp. 454-455.)

We have examined the record and are satisfied appointed counsel fully complied with the responsibilities of appellate counsel and no arguable issues exist. (See *Delgadillo, supra*, 14 Cal.5th at p. 232.) Accordingly, to the extent appellant asserts

his counsel rendered ineffective assistance and requests new counsel, we reject his argument and deny his request.

## DISPOSITION

The order denying appellant's section 1172.6 petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


CURREY, P.J.


ZUKIN, J.